IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Latasha Boyd, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 7:23-cv-5097-BHH |
| v. ) | |
| ) | |
| Spartanburg Municipalities Corporation, ) | **ORDER** |
| Spartanburg Sheriff Department, Chief ) | |
| Alonzo Thompson, United States, ) | |
| Derrick S. Wilkey, Sr., The City of ) | |
| Spartanburg, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Latasha Boyd's pro se ("Plaintiff") complaint against the above-named Defendants. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On October 18, 2023, Magistrate Judge Jacquelyn D. Austin issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss this action pursuant to § 1915(e)(2)(B) without issuance and service of process. In her Report, the Magistrate Judge explained that Plaintiff's complaint includes assertions that are "barely comprehensible and manifestly delusional." (ECF No. 8 at 7.) Accordingly, the Magistrate judge found that Plaintiff's allegations clearly fall within the definition of frivolity in 28 U.S.C. § 1915. Additionally, the Magistrate Judge noted that this action is duplicative to a number of other actions filed by Plaintiff raising similar frivolous claims. Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a

copy.  To date, no objections have been filed; however, on October 23, 2023, Plaintiff filed an amended complaint that removed the City of Spartanburg as a Defendant and which again sets forth barely comprehensible and manifestly delusional claims.  (ECF No. 11.) Importantly, Plaintiff's amended complaint does not respond to the Magistrate Judge's findings and recommendations or otherwise cure the deficiencies outlined by the Magistrate Judge.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error.  After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis.  Furthermore, the Court notes that, even after a *de novo* review, the Court agrees with the Magistrate Judge's analysis, and nothing in Plaintiff's

amended complaint alter this analysis. Specifically, as the Magistrate Judge correctly explained, Plaintiff's claims in the instant action clearly fall within § 1915's definition of frivolity. Furthermore, Plaintiff's claims are subject to dismissal as duplicative to other frivolous actions previously filed in this Court.

Accordingly, for the foregoing reasons, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 8), and the Court dismisses this action pursuant to § 1915(e)(2)(B), without further leave to amend, and without issuance and service of process.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

November 15, 2023
Charleston, South Carolina